NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS OTIS BUTLER, | ) | No. C 09-04591 JF (PR) |
| Petitioner, | ) ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| KENNETH CLARK, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 16) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as untimely. (Docket No. 16.) Petitioner filed opposition, and Respondent filed a reply. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

## **BACKGROUND**

In 2003, Petitioner pleaded guilty at the advice of counsel to first degree robbery in Santa Clara County Superior Court. (Pet. 2.) Although Petitioner believed he would receive a term of 18 years, the trial court sentenced Petitioner to a life term under

1  California's Three Strikes Law.  (Pet. Ex. G) (Docket No. 2).  Petitioner was sentenced to
2  27 years to life on September 23, 2003.
3    Although Petitioner alleges that he appealed his conviction, Respondent asserts
4  that Petitioner did not appeal.  (Mot. to Dismiss at 2.)  Petitioner does not dispute this fact
5  in opposition.
6    On September 28, 2004, Petitioner filed a motion for relief from default in the
7  California Court of Appeal.  (Id., Ex. B.)  The state appellate court denied the application
8  for relief from default for failure to file a timely notice of appeal.  (Id.)
9    On May 5, 2008, Petitioner filed a petition for a writ of habeas corpus in the Santa
10 Clara County Superior Court, which denied the petition on May 28, 2008.  (Id., Ex. C;
11 Ex. D.)
12   On September 8, 2008, Petitioner filed a habeas petition in the California Court of
13 Appeal, which denied the petition on September 12, 2008.  (Id., Ex. E.)
14   On November 24, 2008, Petitioner filed a habeas petition in the California
15 Supreme Court, which denied the petition on May 13, 2009.  (Id., Ex. F.)
16   Petitioner filed the instant federal petition on September 28, 2009.
17
18                                    **DISCUSSION**
19 A.    Statute of Limitations
20   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which
21 became law on April 24, 1996, imposed for the first time a statute of limitations on
22 petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners
23 challenging non-capital state convictions or sentences must be filed within one year of the
24 latest of the date on which:  (A) the judgment became final after the conclusion of direct
25 review or the time passed for seeking direct review; (B) an impediment to filing an
26 application created by unconstitutional state action was removed, if such action prevented
27 petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme
28 Court, if the right was newly recognized by the Supreme Court and made retroactive to

cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

If a petitioner could have sought review by the state court of appeals or the state supreme court but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31); see also Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).

In Petitioner's case, judgment became final on November 22, 2003, which is sixty days after rendition of judgment on September 23, 2003. See Cal. Rule of Court 8.308(a). The limitation period expired one year later on November 22, 2004. The instant petition was not filed until September 28, 2009, almost five years later. Unless the limitations period was tolled for a significant amount of time, the instant petition is untimely.

B.   Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The relevant question for tolling purposes is whether a properly filed "application" is pending in state court, and not whether any particular claim was contained in that application.

1  Gaston v. Palmer, 417 F.3d 1030, 1040 (9th Cir. 2005) (distinguishing between the
2  exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), which is determined on a claim-by-
3  claim basis, and the "properly filed" requirement of § 2244(d)(2), which is determined by
4  looking at the application for state habeas relief as a single entity), amended, 447 F.3d
5  1165 (9th Cir. 2006).  Because the statute expressly provides that the properly filed
6  application may be "with respect to the pertinent judgment or claim," the period of
7  limitation is tolled during the pendency of a state application challenging the pertinent
8  judgment, even if the application does not include a claim later asserted in the federal
9  habeas petition.  Tillema v. Long, 253 F.3d 494, 502 (9th Cir. 2001) (en banc) (emphasis
10 added) (limitation period tolled for three-year period during which state prisoner's
11 "Motion to Vacate Illegal Sentence" was pending before Nevada Supreme Court, even
12 though claims in that motion were not subsequently raised in federal habeas corpus
13 petition).
14         Respondent concedes that Petitioner is entitled to tolling for the forty-five days his
15 motion for relief from default was pending in state appellate court such that the
16 limitations period was tolled until January 7, 2004.  (Mot. to Dismiss at 3.)  However,
17 Respondent argues that Petitioner is not entitled to tolling for the time his habeas petitions
18 were pending in the state courts by the time he filed his first state habeas action on May 5,
19 2008, the limitations period had already expired several years before on January 7, 2005.
20 (Id.)  Respondent is correct.  A state habeas petition filed after AEDPA's statute of
21 limitations ended cannot toll the limitation period.  See Ferguson v. Palmateer, 321 F.3d
22 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the
23 limitations period that has ended before the state petition was filed," even if the state
24 petition was timely filed) (holding that Oregon's two-year limitation period for the filing
25 of state habeas petitions does not alter the operation of the AEDPA, even though
26 prisoners who take full advantage of the two-year period will forfeit their right to federal
27 habeas review); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (same).  Section
28 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to

zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Petitioner had until January 7, 2005, to file a timely federal habeas petition. Petitioner did not file the instant action until September 28, 2009, which is over four years after the limitations period had expired. The petition is untimely.

C.  Equitable Tolling

Petitioner claims he is entitled to equitable tolling. Petitioner claims that on November 16, 2004, he was involved in a mutual combat with another inmate which caused damage to his right hand and required extensive surgery. (Oppo. at 2.) Petitioner claims that his writing hand is severely injured and that to the present day he wears a brace which prevents him from writing. (Id. at 3.) Petitioner also claims that he had difficulty obtaining his trial transcripts from September 23, 2003, until the current day. (Id. at 4.) Lastly, Petitioner alleges ineffective assistance by counsel for failing to file a notice of appeal.

The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418); accord Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland, 130 S. Ct. at 2565 (finding district court's finding of lack of diligence incorrect and remanding for detailed examination of facts to "determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief").

1    The Ninth Circuit has held that the petitioner bears the burden of showing that this
2 "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065
3 (9th Cir. 2002). The prisoner also must show that "the extraordinary circumstances were
4 the cause of his untimeliness and that the extraordinary circumstances made it impossible
5 to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal
6 quotation marks and citations omitted). Where a prisoner fails to show "any causal
7 connection" between the grounds upon which he asserts a right to equitable tolling and
8 his inability to timely file a federal habeas application, the equitable tolling claim will be
9 denied. Gaston, 417 F.3d at 1034-35 (holding that where prisoner fails to show causal
10 connection between self-representation on direct appeal or physical and mental
11 disabilities and inability to timely file petition, district court's finding that he was not
12 entitled to equitable tolling where he had earlier filed a state habeas petition was not clear
13 error). He must, furthermore, show that his untimeliness was caused by an external
14 impediment and not by his own lack of diligence. Bryant v. Arizona Attorney General,
15 499 F.3d 1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not
16 diligent in that he failed to seek any state court relief for six years, or to take advantage of
17 available paralegal assistance).

18    Respondent asserts that Petitioner has failed to show a causal connection between
19 his injured hand and his inability to file a timely petition. Respondent argues that the
20 exhibit provided by Petitioner to support this claim shows that he merely suffered a
21 dislocated thumb. (Reply at 3; Oppo., Ex. B.) Respondent asserts that there is nothing in
22 the record to support Petitioner's contention that the dislocated thumb prevented him
23 from filing a petition for years following the injury. Injured hand notwithstanding,
24 Petitioner has failed to show that he has been pursuing his rights diligently and that an
25 injured hand is an "extraordinary circumstance" that justifies a delay of almost four years
26 in pursuing habeas relief. See Holland, 130 S. Ct. at 2562.

27    Petitioner's next argument that his inability to obtain a copy of the trial transcripts
28 until recently entitles him to equitable tolling is also unpersuasive. Petitioner raised the

1  following claims as grounds for federal habeas relief: 1) ineffective assistance by counsel
2  in advising him to accept the plea agreement, which implicates the voluntary and
3  intelligent character of his guilty plea; 2) ineffective assistance by counsel for filing an
4  untimely notice of appeal; 3) Petitioner was not provided with free trial transcripts which
5  hindered his ability to pursue appeals, in violation of due process; and 4) the sentence
6  imposed under California's Three Strikes Law violates Ex Post Facto clause.  (Docket
7  No. 1.)  However, Petitioner did not need a copy of his trial transcript to present these
8  claims in a federal habeas petition.  The pleading requirements on the court form petition
9  only requires a brief statement of the claims and does not require that a copy of the trial
10 transcript be filed with the petition.  Accordingly, Petitioner fails to show a causal
11 connection between the lack of a trial transcript and his inability to file a timely petition.

12         Lastly, Petitioner's claim that ineffective assistance of counsel is grounds for
13 equitable tolling fails.  Plaintiff alleges the same claims he raises in the instant federal
14 petition regarding his trial counsel's performance.  However, as Respondent points out,
15 Petitioner was able to file a motion for relief from default within a year of his conviction
16 becoming final despite his counsel's failures.  (Mot. to Dismiss at 3.)  However
17 ineffective his trial counsel may have been, Petitioner fails to show a causal connection
18 between his reliance on allegedly ineffective counsel and his inability to file a timely
19 petition.  Petitioner fails to show that his untimeliness was caused by an external
20 impediment and not by his own lack of diligence.  <u>Bryant</u>, 499 F.3d at 1061.

21         As discussed above, Petitioner could have exercised due diligence and filed a
22 timely petition notwithstanding his injured thumb, the lack of trial transcript, and
23 ineffective assistance by trial counsel.  Petitioner is not entitled to equitable tolling.  The
24 federal petition filed on September 28, 2009 is untimely.

25 ///
26 ///
27 ///
28 ///

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\HC.09\Butler04591_grant-mtd (untimely).wpd          7

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (Docket No. 16) is GRANTED. The instant petition for a writ of habeas corpus is DISMISSED. This order terminates Docket No. 16.

IT IS SO ORDERED.

DATED: 2/22/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THOMAS O BUTLER,

        Petitioner,

  v.

KENNETH CLARK, Warden,

        Respondent.

Case Number: CV09-04591 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/7/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Otis Butler D-94870
CSATF
PO Box 5246
Corcoran, CA 93212

Dated: 3/7/11

Richard W. Wieking, Clerk